DREW, Justice.
The Railroad Commission in a sound and well-reasoned order denied the petition of The Greyhound Corporation, Southeastern Greyhound Lines Division, to discontinue schedules No. 371 and No. 372 between Cedar Key and Gainesville. These proceedings questioned the legality of that order.
In Butler v. Carter, Fla.1960, 123 So.2d 313, we were concerned with an application of the receiver of a railroad company to discontinue the agency at Ormond Beach, Florida. Adequate facilities were available to the public through the Daytona Beach office only a few miles away; nevertheless, *736 in upholding the ruling of the Railroad Commission refusing to allow the abandonment of the Ormond Beach office and the discontinuance of that office, we said, on page 316:
“However, in our consideration of the instant petition, it must be remembered that every order of the Commission is by statute clothed with a presumption that it is prima facie reasonable and just. § 350.12(2) (m), F.S.A. On review this presumption of validity can only be overcome when either the invalidity of the Commission’s decision appears plainly on the face of the order or where such weakness is made to appear by clear and satisfactory evidence.”
 Were we to quash the order of the Railroad Commission in this case and allow the abandonment of the service requested by the carrier, the result would be to completely deprive the communities of Ellzey, Rosewood, Sumner, Lukens and the City of Cedar Key of all public transportation facilities. This is not a case where one carrier is allowed to abandon its operation leaving others to carry on the public service. The testimony is quite clear that many people live in the affected area who do not own automobiles. These people are wholly dependent upon public transportation to Otter Creek and thence to Gaines-ville and other points in the State. Moreover, petitioner’s evidence is woefully inadequate to meet its burden of showing a material adverse effect on its overall operations or financial structure on the operation of this line. It is fundamental in these ■cases that, in order to abandon such a public service, it is necessary to show not only that such facility is operated at a loss but that such loss affects substantially the overall operation of the company. After all, it is the overall operation (including losses in certain areas) that furnishes the factors used by the regulatory agencies in fixing lawful charges for the use of the •company’s facilities. It is also fundamental that terminal points in public service lines of all kinds are often operated at losses. The law, nevertheless, requires such to be done as a part of the service expected of those who hold public, or quasi-public, monopolies to promote the development and expansion of outlying and marginal areas. To allow this company to abandon this city and these communities and leave them wholly without public transportation services upon the showing made in this record would be detrimental to the general welfare of the whole area and contrary to all principles of regulation of public services.
There is substantial testimony in the record in this cause establishing an adverse effect on the cities of Williston and Bronson and their citizens in the event of the abandonment of the questioned route by the petitioner. While these factors are not determinative of the cause, they add weight to the conclusions of the Railroad Commission that the public convenience and necessity requires the continuance of this service along its present route from Cedar Key to Gainesville.
The Commission correctly decided the question after hearings conducted according to law. Its judgment in the premises is supported by the record.
Certiorari denied.
THOMAS, C. J., THORNAL and O’CONNELL, JJ., and WILLIS, Circuit Judge, concur.
HOBSON, J., concurs specially in the judgment.
ROBERTS, J., concurs in judgment.