146 So.2d 370 (1962)
CENTRAL TRUCK LINES, INC., M.R. & R. Trucking Company, Overseas Transportation Company, Inc., Ryder Truck Lines, Inc., South Florida Freightways, Inc., and Tamiami Trail Tours, Inc., Petitioners,
v.
Wilbur C. KING, Jerry W. Carter, and Edwin L. Mason, As Members of and Constituting the Florida Railroad and Public Utilities Commission, Respondents.
No. 31749.
Supreme Court of Florida.
November 7, 1962.
*371 Schwartz, Proctor, Bolinger & Austin, Dan R. Schwartz and Norman J. Bolinger, Jacksonville, for petitioners.
Lewis W. Petteway and John W. McWhirter, Jr., Tallahassee, for respondent Florida Railroad and Public Utilities Commission.
M. Craig Massey, Carver, Langston & Massey, Lakeland, for respondent Alterman Transport Lines, Inc.
HOBSON, Justice, Ret.
Petitioners challenge Order No. 5320, entered by the respondent Commission in this cause on the 29th of December, 1961.
We quote in full Order No. 5320, which is under attack:
"ORDER NO. 5320 IN DOCKET NO. 6296-CCT
"BY THE COMMISSION:
"Alterman Transport Lines, Inc. made application for an extension of its certificate of public convenience and necessity so as to authorize the transportation of:
"(a) Frozen Foods, refrigerated foods and packing house products requiring temperature controlled equipment to, from and between all points and places in Florida.
"(b) Food, food stuffs, food products and food stuff materials, irrespective of its use and irrespective of whether or not the same requires temperature controlled equipment; restricted against the transportation of said commodities unless the same are part of an order of a single consignee, which order includes items requiring temperature control; and provided further that there be a restriction against the transportation of said commodities in tank trucks from points in Broward County, Florida, to all points and places in Florida.
"After due consideration of the testimony, exhibits adduced at the hearing and the various amendments, the Commission finds that public convenience and necessity demand that this application be granted as modified in the ordering paragraph below. It is therefore,
"ORDERED by the Florida Railroad and Public Utilities Commission that Certificate No. 353, heretofore issued to Alterman Transport Lines, Inc. be and it is hereby extended to authorize the transportation in common carriage of:
"Food, food stuffs, food products and food stuff materials, irrespective of its use and irrespective of whether or not the same requires temperature controlled *372 equipment; restricted against the transportation of said commodities unless the same are part of an order of a single consignee, which order includes items requiring temperature control; and provided further that there be a restriction against the transportation of said commodities in bulk or tank trucks, from points in Broward County, Florida, to all points and places in Florida, except that no point may be served in Dade County south of a line drawn 10 miles south of the city limits of the City of Miami, with the exception of Homestead, Florida.
"It is further
"ORDERED that applicant comply with this Commission's rules and regulations governing insurance, tariffs and registration of vehicles and make proper mileage tax reports to this Commission.
"By Order of Chairman Wilbur C. King, Commissioner Jerry W. Carter, and Commissioner Edwin L. Mason, as and constituting the Florida Railroad and Public Utilities Commission, this 29th day of December, 1961.
 (SEAL) /s/ BOLLING C. STANLEY
 KG EXECUTIVE SECRETARY
"Commissioner Jerry W. Carter considers that the application should be granted in full and therefore dissents."
It is contended by petitioners that the Commission failed to comply with the basic legal requirements in making its Order No. 5320. It is further asserted that Order No. 5320 is arbitrary without sufficient support in the evidence and is not in accord with the essential requirements of the law.
We do not find it necessary to discuss the second point raised by petitioners because we are compelled to agree with their first contention that the Commission did not comply with the basic legal requirements in rendering its Order No. 5320.
It is crystal clear from the face of the Commission's Order that no findings of fact are contained therein upon which the Commission predicated its ultimate conclusion "that public convenience and necessity demand that this application be granted as modified in the ordering paragraph below."
The Commission not only neglected to follow the mandate of Section 323.03(3) F.S.A. and Chapter 120, Administrative Procedure Act, Section 120.25(8) F.S.A., but also ignored its own Rule 2.620 Formal Orders, which Rule was promulgated by the Commission upon the authority of Section 323.07 F.S.A.
The Commission Rule 2.620 states that "All formal orders issued by the Commission after hearing shall include the following: * * * 5. Findings of fact set forth separately. 6. Conclusions of law. 7. The ultimate determination of the issues and the requirements of the Commission based on the stated findings of fact and conclusions of law. * * *."
Petitioners admit that they have been unable to find any case decided by the Supreme Court of Florida involving the particular issue in the instant proceeding and directed to a specific order of the Florida Railroad and Public Utility Commission. We, too, have made an unsuccessful search for such a case. The reason for this rather surprising espial might be found in the fact that the Commission has heretofore almost uniformly met the requirements of statutory law and of its own rule in making and entering its orders. We cannot understand why the Commission failed in this case to meet said requirements. The fact remains, however, that the Commission neglected to comply with them.
*373 We do not deem it necessary to restate[1] the underlying, as well as cogent reasons, for the requirement that boards, bureaus and commissions should make separate findings of fact upon which an ultimate conclusion is predicated. However, we are persuaded to quote with approval from the opinion of the United States Supreme Court in the case of State of Florida et al. v. United States, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291:
"* * * in order to sustain the statewide order * * * it must appear that there are findings, supported by the evidence, of the essential facts * * *, which would justify that conclusion.
* * * * * *
"The question is not merely one of the absence of elaboration or of a suitably complete statement of the grounds of the Commission's determination, to the importance of which this court has recently adverted (Beaumont, Sour Lake & Western Railway Co. v. United States, decided November 24, 1930, 282 U.S. 74, 51 S.Ct. 1, 75 L.Ed. 221), but of the lack of the basic or essential findings required to support the Commission's order. In the absence of such findings, we are not called upon to examine the evidence in order to resolve opposing contentions as to what it shows or to spell out and state such conclusions of fact as it may permit. The Commission is the fact-finding body, and the Court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported."
Were we to uphold Order No. 5320, we would by such action invade the legislative field, contra to our fundamental concept of three separate, distinct and independent branches of government. The net result of such decision would be to nullify the intent and spirit, if not the letter, of our statutes and the intent, spirit, as well as the letter, of the Commission's own Rule 2.620.
It is assuredly obvious that we have no alternative. This Court must reverse the Commission's Order No. 5320, with directions that the Commission reconsider this matter and enter an order which meets the requirements of our statutes and of the Commission's own Rule 2.620.
It is so ordered.
TERRELL, Acting C.J., THOMAS and DREW, JJ., and SMITH, Circuit Judge, concur.
NOTES
[1] We have repeatedly stated that this Court is not a fact finding body. We have also said that administrative agencies endowed with the attributes of a "fact finder" need not outline step by step evidentiary facts which lead to an ultimate conclusion. However, findings of fact on essential although collateral issues which might justify the entry of a final order must be made.