HOBSON, Justice (Ret.).
The petitioners herein challenge Order No. 5434 entered June 26, 1962, by the Florida Railroad and Public Utilities Commission, on two grounds: 1st — Petitioners say that in entering Order No. 5434 the Commission departed from the essential requirements of law in that said order contains no findings which support the Commission’s ultimate conclusion; 2nd' — petitioners assert that the evidence does not support the Commission’s conclusion that public convenience and necessity require the grant of extended authority contained in Order No. 5434.
We need not discuss petitioners’ second contention because we agree with the first point made by them. It would not be proper for this Court to delve into the transcript of the testimony “in order to resolve opposing contentions as to what it shows or to spell out and state such conclusions of fact as it may permit.” [1] Moreover, it would be an undue burden upon this Court to do so because Order No. 5434 lacks the basic or essential findings, as opposed to recitations, to support it. Indeed, we would not only be -inconsistent, but would destroy the very purpose of the rule requiring the Commission to make specific findings of fact were we to decide at this juncture the second point raised by petitioners.
The petition for writ of certiorari is granted, the Commission’s Order No. 5434 is quashed upon authority of Central Truck Lines, Inc. v. King, Fla., 146 So.2d 370, “with directions that the Commission reconsider this matter and enter an order which meets the requirements of our statutes and of the Commission’s own Rule 2.620.”
It is so ordered.
TERRELL, Acting C. J, and THOMAS, ROBERTS and O’CONNELL, JJ., concur.

. State of Florida, et al. v. United States, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291.