PER CURIAM.
Petitioner attacks Order No. 6532 of the Florida Public Utilities Commission, dated January 5, 1965, extending the certificate of public convenience and necessity previously issued to Arthur N. Lloyd, Inc., to include the transportation of certain general commodities over irregular routes between specified points, on an “on-call expedited” basis. More specifically, petitioner argues that Order No. 6532 is deficient because (1) it did not contain sufficient findings of fact, and (2) the findings of fact that were made were not supported by competent substantial evidence in the record.
It is not necessary for us to go beyond the first of these alleged deficiencies, for we hold that Order No. 6532 does fail to state sufficient findings of fact. In Central Truck Lines, Inc. v. King, Fla. 1962, 146 So.2d 370, we reversed an order of this commission on the ground that “no findings of fact [were] contained therein upon which the Commission predicated its ultimate conclusion ‘that public convenience and necessity demand that this application be granted * * *.’ ”
The order under consideration does contain findings as to such peripheral matters as the fitness of the applicant to render the service and the effect of the grant of authority upon transportation facilities or transportation as a whole within the territory involved. However, so far as the basic conclusion as to public convenience and necessity is concerned, it is equally deficient as the order involved in the Central Truck Lines case, supra. Also see Ryder Truck Lines, Inc. v. King, Fla. 1963, 155 So.2d 540 and Village of North Palm Beach v. Mason, Fla.1964, 167 So.2d 721. Moreover, recitations from the testimony cannot be accepted in lieu of fact findings by the commission itself. Ryder Truck Lines, Inc. v. King, supra.
For obvious reasons, we deem it inappropriate to consider the second attack pressed by petitioner. Ryder Truck Lines, Inc. v. King, supra.
The petition for certiorari is granted, the commission’s Order No. 6532 is quashed, and the cause is remanded for the entry of a proper order.
It is so ordered.
THORNAL, C. J., DREW, O’CONNELL and HOBSON (Ret.), JJ., and JOHNSON, District Court Judge concur.