**GREYHOUND LINES, INC., a corporation, Plaintiff,**

v.

**UNITED STATES of America, and Interstate Commerce Commission, Defendants.**

**Missouri, Kansas and Oklahoma Coach Lines, a corporation, Intervenor.**

**No. 66 C 770.**

United States District Court
N. D. Illinois, E. D.

May 31, 1967.

Order June 6, 1967.

Amos M. Mathews, Robert J. Bernard, Chicago, Ill., for plaintiff Greyhound Lines, Inc.

Edward V. Hanrahan U. S. Atty., Chicago, Ill., Raymond M. Zimmet, I. C. C. Washington, D. C., for defendants the United States and I. C. C.

John L. Arrington, Jr., Stephanie K. Bartlett, Tulsa, Okl., A. Bradley Eben, Chicago, Ill., for intervenor Missouri, Kansas and Oklahoma Coach Lines.

Before FAIRCHILD, Circuit Judge, and AUSTIN and WILL, District Judges.

OPINION

WILL, District Judge:

Plaintiff, Greyhound Lines, Inc. (Greyhound), invokes this three-judge court to annul and set aside the Inter-

state Commerce Commission's Report and Order of January 19, 1966, denying Greyhound leave to cancel a tariff theretofore in force permitting optional honoring of tickets by Greyhound and Missouri, Kansas & Oklahoma Coach Lines (M K & O), and to permanently enjoin its enforcement. In substance, the Commission refused Greyhound leave to cancel the optional honoring provision which it has had with M K & O since 1939, some twenty-six years, whereby either line honored the tickets issued by the other line, between St. Louis, Missouri, and Oklahoma City, Oklahoma, and points in between. M K & O filed its protest against the cancellation, before the Commission and has intervened in these proceedings. All parties have filed exhaustive briefs.

Greyhound and M K & O are motor common carriers of passengers operating over various highway routes in interstate commerce under authority of Part II of the Interstate Commerce Act, 49 U.S. C. § 301 et seq. Greyhound has entered into individual agreements with various motor carriers, including M K & O, whereby the carriers mutually honor the tickets of each other for passenger service between common points they are authorized to serve. These arrangements are widespread in the transportation industry, most notably amongst all airlines, and are generally known as "optional honoring" arrangements. The ticketholder is thereby offered the right and convenience of taking whichever carrier he chooses, without regard to which carrier originally issued the ticket, or if a connecting carrier issued the ticket, without regard to which of the two carriers serving this route is shown on the ticket as being the carrier for this portion of the trip.

The crux of the controversy here is whether the Commission had jurisdiction to enter its order. It is plaintiff's position that the Commission could not have initially compelled plaintiff to institute an optional honoring provision in its tariff, and therefore it cannot forbid the cancellation of such a provision already on file. The Commission, on the other hand, insists that once plaintiff filed such a provision with the Commission, it submitted itself to the Commission's jurisdiction. Further, it contends that the optional honoring provision pertains to the "value of service" to passengers as to which the statute, Section 217(c), 49 U.S.C. § 317(c), requires a proposed change to be filed with the Commission.

I

Greyhound's jurisdictional challenge rests on the argument that at common law a carrier may not be compelled to enter into traffic arrangements with other common carriers and, accordingly, cannot be compelled by the Commission to continue these arrangements. Secondarily, Greyhound argues that it has been consistent Commission policy not to prevent the withdrawal of a joint traffic arrangement voluntarily established and that to do so in this instance would be contrary both to the statute and well-established Commission policy.

■■■ The court recognizes the well-established principle enunciated by plaintiff that common law joint traffic arrangements voluntarily established may be withdrawn by any party thereto. The cases cited by Greyhound in support of this position, however, are either decisions before the passage of the Act of 1887, before the 1906 amendment thereto, or prior to the enactment in 1935 of Part II of the Act covering motor carriers. Notwithstanding the validity of the common law principle, where a broad statutory provision such as the Interstate Commerce Act is intended to substantially govern the relationships between the carriers and the public, the Act itself compels primary reliance on its provisions in determining the validity of any proposed changes in tariffs filed thereunder. Under the Act, two separate and distinct questions are involved in cases such as this: (1) whether the

Commission has the authority to compel entry into an optional honoring arrangement, and (2) whether, if entered into voluntarily, the Commission can prevent withdrawal therefrom.

Turning to the statute, we note first that Section 217(a), 49 U.S.C. § 317(a), requires motor carriers of passengers to file proposed rules in connection with fares and charges. Any proposed change in an existing tariff is subject to the provisions of Section 217(c), which requires notice to the Commission. Pursuant to Section 216(g), new rates, fares or charges pertaining to the transportation of passengers or property by a motor common carrier may be investigated by the Commission and the proponents thereof required to prove that the effect of the rate or charge or the value of service thereunder is just and reasonable.

There would be little purpose in requiring the filing of all changes in the tariff and the grant of a broad power to investigate such changes under Section 216(g) if, in the end, the Commission did not have the power to prevent the change from becoming effective. Indeed, except where the statute includes an express prohibition relating to certain traffic arrangements, the authority of the Commission to prevent changes in tariffs pursuant to Section 216(g) has consistently been recognized.

In support of its contention that the Commission cannot require the continuance of something which it could not have ordered in the first instance, Greyhound cites a number of cases, none of which are applicable here. Some involve provisions of the Act dealing with through railroad routes and which specifically prohibit the Commission from establishing through routes which result in short hauling one of the participating railroads. No similar prohibition exists with respect to optional ticket honoring by motor carriers of passengers. Other cases cited by Greyhound involve the establishment of through routes between motor carriers of property or a motor

carrier of property and a water carrier. The Commission's authority with respect to such carriers arises under Section 216 (c), 49 U.S.C. § 316(c), which is permissive and provides "Common carriers of property by motor vehicle *may* establish * * *." (Italics supplied.) Section 216(a), with respect to passenger motor carriers, is mandatory and reads, "It shall be the duty of every common carrier of passengers by motor vehicle to establish * * *." No case involving a passenger carrier has been cited by Greyhound.

Moreover, even in cases involving motor carriers of property, the Commission has, where it found such action appropriate, refused to permit withdrawal of a voluntarily established service. See Washington, D. C. Store-Door Delivery, 27 I.C.C. 347 (1939).

## II

Since Greyhound's challenge in this court is based solely upon the jurisdiction of the Commission to cancel the optional honoring arrangement between it and M K & O, it presented no argument to rebut the conclusion of the Commission that cancellation of optional honoring between these two carriers would reduce the utility of the ticket and affect the value of service under the fare paid. Thus we need not dwell on the Commission's ultimate conclusion for it has not been challenged herein, but we note. in passing that the Commission made extensive findings in support thereof.

In addition, evidence was presented to the Commission tending to show that since 1962 Greyhound has attempted in one manner or another to eliminate M K & O's competition along the St. Louis-Oklahoma City route. It first attempted to purchase a substantial share in M K & O. Failing that, it instituted a number of changes relating to the scheduling of its vehicles along the route which have hampered M K & O in its operations. The Commission concluded that elimina-

tion of the optional honoring arrangement would be a further step in the process of making more difficult M K & O's ability to compete effectively with the larger and more resourceful carrier, Greyhound. Thus, not only would the utility of the ticket in the hands of the passenger be diminished by the proposed cancellation, but almost certainly substantial unfavorable consequences for M K & O would be the ultimate result. We by no means infer that optional honoring itself is not an important benefit to the traveling public, for it was established before the Commission that numerous benefits accrue under such a joint traffic arrangement. The widespread effects of the proposed cancellation undoubtedly support the Commission's conclusion that Greyhound failed to meet its burden of proving the reasonableness of the change. With that position we are in complete agreement.

## Conclusion

We hold that the Commission had the power to prevent Greyhound from withdrawing from the optional honoring arrangement with M K & O, notwithstanding the fact that this arrangement was initially voluntarily established by the two carriers. The order of the Commission is therefore affirmed. An appropriate order will enter denying plaintiff's motion to enjoin and set aside the order of the Interstate Commerce Commission.

## JUDGMENT ORDER

The above cause came on regularly for hearing before the court on the 31st day of March, 1967, and was duly submitted for consideration and decision. The court having filed its opinion on the 31st day of May, 1967, Now pursuant thereto, it is hereby ordered and adjudged that plaintiff's motion to enjoin and set aside the order of the Interstate Commerce Commission is hereby denied, and the order of the Commission is hereby affirmed.