THORNAL, Justice.
By a petition for certiorari the petitioners seek review of an order of the Respondent Commission establishing a classification of water and sewer rates to be made applicable to multiple dwelling units.
Our basic problem is to decide whether the record here supports the order under attack.
On January 5, 1966, petitioners, and other water and sewer companies, filed with the respondent Commission a proposed schedule of rates to be charged multiple dwelling units for water and sewer services. This was a new classification filed pursuant to Fla.Stat. § 367.13(2), F.S.A. On March 16, 1966, without prior public hearing, the Commission entered its order No. 3985, directing the companies to show cause why the Commission should not adopt a tariff rule specified by that order. There were thirty-two water companies and twenty-nine sewer companies under Commission jurisdiction. Ten companies filed written responses to the order.
On June 22, 1966, the Commission entered order No. 4026 making certain changes in the tariff suggested by order No. 3985 and thereby promulgated certain tariff rules on a temporary basis. Two of the companies filed petitions for reconsideration. Pursuant thereto, the Commission set a public hearing on the matter. On the basis of this hearing and upon a consideration of the entire record, the Commission, on January 17, 1967, entered its order No. 4119 establishing tariff rules applicable to billings for water and sewer rates for multiple dwelling units as follows:
1. 66%% of the presently effective minimum residential rate for each unit, with the maximum allowable water consumption under the minimum rate to be 100% of the present minimum residential consumption, multiplied by the number of units for which charges are to be assessed in the structure with usage exceeding the maximum allowable billed on a gallonage basis; and that additional toilet facilities per unit after the first unit be 100% of the estab *323 lished rate for such additional facilities;
2. That when physically possible for the Company to seal off service to a particular vacant unit of a multiple unit structure by means of a valve or other similar device readily accessible at all times to the company’s" representatives, that the obligation of paying for service to that unit be released as long as the company’s seal on such device remains unbroken ;
3. That the guarantee deposit to be placed with the water company for service to a multiple unit structure shall not exceed the amount necessary to cover charges to the entire building for three billing periods.
By its order No. 4134, the Commission denied a petition for reconsideration of its order No. 4119 and the matter now comes on for review.
The petitioners here contend that the testimony did not warrant the Commission’s rejection of the tariff proposed by the petitioners, and the substitution of their own in lieu thereof. They also claim that the record reveals that their present basic rates are non-compensatory, and therefore any further reduction for multiple dwelling units would be confiscatory.
The respondent replies that the rule is reasonable and just, and that petitioners have not overcome the presumption of correctness which accompanies its orders to this Court.
We agree that orders of the respondent are clothed with a statutory presumption that they have been made within the Commission’s jurisdiction and powers, that they are reasonable and just and are such as ought to have been made. Fla. Stat. § 350.12(m), F.S.A.; General Telephone Co. of Florida v. Carter, 115 So.2d 554 (Fla.1959).
We also remind that orders such as the one under review should contain findings of fact upon which the Commission grounds its judgment. Fla.Stat. § 367.14(6), F.S.A.; Central Truck Lines, Inc. v. King, 146 So.2d 370 (Fla.1962). The cited statute requires a specification “of all matters and every matter considered” and in addition “findings * * * of the subsidiary facts on which the determination is predicated”. This is an important requirement because the Commission, not this Court, is the fact-finding agency. Our function is merely to examine the evidence to ascertain whether the findings have support in the record.
Order No. 4119, supra, if considered in isolation, would be vulnerable to the criticism that it fails to comport with the requirement of detail imposed upon the respondent Commission by § 367.14(6), supra. Its reference to “subsidiary facts” is meager at best and its specification of “all matters” considered is lacking in sufficient detail to support the conclusion reached. However, it should be recalled that order No. 4119, which ultimately established the tariff, was entered upon a requested reconsideration of qrder No. 4026, and followed the original show cause order No. 3985. When we consider these three orders as evidencing the findings and judgment of the Commission, as we feel justified in doing under the circumstances, we are led to conclude that the statutory standards have been met.
From these orders we are told that the matter originated in multiple dwelling tariffs proposed by six companies. The suggested water rates varied from approximately 66% of existing single unit minimum rates to 100,% thereof. Sewer rates proposed varied from 50% to 100% of existing rates. This was a new classification never previously offered by the proposing companies, which were unable to furnish any reliable statistics grounded in past experience as a base for final decision. Indeed the record revealed a con *324 cession by the companies that there should be some differential between single residence and multiple dwelling charges. However, there is lacking any specificity of actual money differences in amounts which should be charged for the two services. The Commission stated that the basis for a lower rate for a multiple unit structure is that the cost to serve such a structure appears to be less than the cost to serve each dwelling unit separately. The petitioners contended that the maximum water consumption allowable to each unit under the minimum rate should be 66%% of that allowed single residences. The Commission found that this would in effect nullify the benefit to the multiple unit consumer which would otherwise result from the reduced rate. Obviously, this is correct because the allowable consumption of water would thereby be reduced in proportion to the rate reduction.
A witness for one petitioner expressed the opinion that the basic rate allowed the utility for single family residences was already inadequate to produce a fair return on capital invested. However, this was merely an opinion of the witness. No statistics were produced to support the conclusion. Such an investigation would have been beyond the scope of the instant show cause order. Moreover, whether a particular rate is sufficient to produce a “fair return” is a mixed question of law and fact. What is “fair” or “reasonable” is a conclusion to be formed by the regulatory body or the court on the basis of the facts presented. Petitioners point to Utilities Operating Co., Inc. v. King, 143 So.2d 854 (Fla.1962). There, however, the basic rates were admitted to be less than compensatory. That is not the case here. Petitioners simply rely on a factually unsupported conclusion of their expert.
Within the scope of review available to us, we cannot conclude that the order of the Commission is lacking in competent, substantial evidentiary support or that it is a deviation from the essential requirements of law. Certiorari is therefore denied.
It is so ordered.
CALDWELL, C. J., DREW and ERVIN, JJ., and WHITE, Circuit Judge (Retired), concur.