CARLTON, Justice:
Tropical Coach Lines, Inc., has complained before the Florida Public Service Commission that American Sightseeing Tours, Inc., is unlawfully engaged in the transportation of passengers between the City of Miami and various racetracks in Dade and Broward Counties. The complaint was dismissed by the Commission, with one dissent, on the ground that American was operating under a valid Certificate of Public Convenience and Necessity. Certiorari has been granted; we find that the order of dismissal should be quashed.
The paramount issue is whether a Certificate can be limited by the context in which it was granted, even though no express limitation appears on its face. The significant events giving rise to this litigation began in August 1958, when Tropical was granted Certificate L-44, authorizing it to transport passengers from the City of Miami to all horse and dog tracks in Dade and Broward Counties. Subsequently, Wylly’s Sportsman, Inc., applied for authority to transport passengers over irregular routes from points in Dade County to and from sporting events in Florida.
Wylly’s application was protested by Tropical and Greyhound Corporation during hearings held in February 1966. Tropical’s objection was that the application conflicted in part with the certificate granted Tropical in 1958. As the hearings *802 progressed, an accommodation was reached: Wylly’s announced that the “sporting events” authority sought was not meant to include horse and dog track transportation; Tropical announced that it would withdraw its objection and instead would support Wylly’s application. Greyhound continued its objections. Subsequently, Certificate L-50 was issued to Wylly’s; through inadvertence, it contained no reference to sporting events whatever, and this defect had to be remedied by issuance of an amended certificate.
In February 1968, American Sightseeing, a Greyhound subsidiary, obtained controlling interest in Wylly’s, thereby gaining use of its certificate. In January 1970, almost two years later, American filed under Fla. Stat. § 323.03, F.S.A., for authority to transport passengers from the City of Miami to Dade and Broward racetracks. This application was withdrawn voluntarily, and American then began to offer this transportation without benefit of application. Tropical, already holding a Certificate for this service, filed the complaint before the Commission which initiated this litigation.
Before the Commission, and here as well, American has advanced the argument that it gained control of a Certificate granting authority for “sporting event” transportation, without any qualification appearing on the face of the Certificate; moreover, race track events are obviously considered as “sporting events.” Tropical’s response is that “sporting events” was given a restrictive interpretation by Wylly’s as it sought acceptance of its application and announced its accommodation with Tropical. Under the circumstances, the application was limited and the subsequent grant of authority was inherently limited by that which was sought. When American gained control of Certificate L-50, it could obtain no greater rights than those granted Wylly’s.
The Chief Hearing Examiner was assigned to the cause. He recommended that Tropical’s complaint be sustained. However, the Commission determined on review that the complaint was unfounded. The complaint was dismissed, with one member dissenting. The dismissal was accomplished through a brief order without supporting opinion. Because the form of the decision was insufficient under Greyhound Lines, Inc. v. Mayo, 207 So.2d 1 (Fla.1968), and because our review of the certiorari petition lodged here suggested that the Commission may have been in error, we requested that the Commission members supplement their initial order with additional commentary. See Tropical Coach Lines, Inc. v. Yarborough, 257 So.2d 256 (Fla.1972).
Our review of the record, the briefs and the orders, including the Order on Remand, filed in this cause, as well as the arguments, brings us to the judgment that the Chief Hearing Examiner and the dissenting Commission member are right. When Wylly’s applied for its Certificate, it orally amended its application so as to exclude conflicts with Tropical. The grant of the Certificate was a grant of the authority requested; those taking the Certificate thereafter, took it with the limitations imposed. The Commission majority suggests that it could not consider testimony given in 1966 because the litigants had not stipulated to its use under Commission Rule 25-2.109; Rule 25-2.111 was also said to be an obstacle. However, the litigants did stipulate below that in 1966 Wylly’s president defined and clarified “sporting events” to exclude authority which Tropical then held; it was also stipulated that Tropical and Wylly’s supported each other’s applications.
The Order of the Commission under review is quashed, and the cause is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, C. J„ and ERVIN and DEKLE, JJ., concur.
McCAIN, J., dissents.