487 So.2d 1111 (1986)
CITY OF MIAMI, Petitioner,
v.
Humberto LOPEZ, Respondent.
No. 86-124.
District Court of Appeal of Florida, Third District.
April 8, 1986.
Rehearing Denied May 28, 1986.
Lucia A. Dougherty, City Atty., and Gisela Cardonne and A. Quinn Jones, III, Deputy City Attys., for petitioner.
Kurzban, Kurzban & Weinger and Steven Weinger, Miami, for respondent.
Before BASKIN, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Petitioner, City of Miami, seeks certiorari review of an opinion of the circuit court, sitting in its appellate capacity, which reversed a judgment of the City Manager affirming the Civil Service Board's dismissal of respondent from employment as a building inspector. It was alleged that respondent violated the city's rules and regulations.
The circuit court noted accurately that the Civil Service Board made no findings of fact or conclusions of law. The court then conducted its own examination of the record and made findings, from the disputed evidence, that "the Civil Service Board and the City Manager committed a manifest injustice when they terminated the appellant" and that appellant's conduct, when viewed "in a light most favorable to the City of Miami and the Civil Service Board, ... [showed] at best, poor judgment and not a violation of the ordinances, rules or regulations... ."
*1112 It is not the role of the court to make findings of fact in reviewing an administrative agency action. The standard of review is whether there is substantial competent evidence to support the findings and conclusions of the agency. City of Miami Springs v. Barad, 448 So.2d 510 (Fla. 3d DCA 1983); Pompano Beach Police & Firemen's Pension Fund v. Franza, 405 So.2d 446 (Fla. 4th DCA 1981); Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla. 3d DCA 1976).
Where an administrative agency fails to make the required findings of fact the case must be remanded for that purpose. Andersen v. Mason, 184 So.2d 177 (Fla. 1966); Ryder Truck Lines, Inc. v. King, 155 So.2d 540 (Fla. 1963); McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (Fla. 1st DCA 1974), cert. denied, 314 So.2d 592 (Fla. 1975); Powell v. Board of Public Instruction of Levy County, 229 So.2d 308 (Fla. 1st DCA 1969).
Finding a departure from the essential requirements of law, certiorari is granted, the opinion of the circuit court is quashed, and the case is remanded for further proceedings consistent with this opinion.