STURGIS, Chief Judge.
Polar Ice Cream & Creamery Company, petitioner, seeks review by certiorari of an order of the Florida Milk Commission revoking its license as a milk distributor under Chapter 501, Florida Statutes, F.S.A.
The petitioner was charged in separate counts by the Florida Milk Commission with five alleged violations of Section 501.-09, Florida Statutes, F.S.A., governing its conduct as a licensed milk dealer. Petitioner was duly served with a rule to show cause why its license should not be revoked on the basis of said charges and in due course a hearing was held before the commission, at which testimony was adduced in support of the charges and on behalf of petitioner. On October 25, 1962, the Florida Milk Commission formally passed a motion, the equivalent of an order, revoking petitioner’s license, effective December 1, 1962, and this court on review quashed said order because of the failure of the commission to make findings in support thereof. Pursuant to the quashal we remanded the cause with directions that the commission reconsider the matter, without necessity for taking further testimony, and enter an order meeting the requirements of Chapter 120, Florida Statutes 1961, F.S.A. known as the “Administrative Procedure Act.” See Polar Ice Cream & Creamery Company v. Andrews, Fla.App., 150 So.2d 504, decision filed March 7, 1963.
While the former proceeding in certiorari was pending before this court, the respondent Florida Milk Commission, anticipating the result of our former decision, entered an order on January 18, 1963, in which is set forth findings of fact with respect to the charges made, and thereupon revoked petitioner’s license, effective March 13, *718 1963; and the instant petition for writ of certiorari seeks review of said order of January 18, 1963.
Petitioner contends (1) that the order of January 18, 1963, “constitutes a departure from the essential requirements of the law, so as to deprive petitioner of due process of law,” and (2) that on the evidence before the Milk Commission the order “was so arbitrary, unreasonable and such a palpable abuse of discretion as to be invalid.”
Supporting the first position, petitioner insists that the order in question does not contain adequate findings of fact to meet the requirements of the Administrative Procedure Act and is therefore a nullity; that said findings virtually tracked and only slightly paraphrased the five charges made against petitioner as set out in the rule to show cause, and that this constitutes such a material departure from procedural requirements as to deprive petitioner of its property without due process of law. We find no merit to this contention.
In our former decision we adhered to the proposition that the findings contemplated by the Administrative Procedure Act (F.S. Chapter 120, F.S.A.) need go no further than to point the pathway down which the appellate court may travel in reviewing the essential facts so as to determine whether such facts justify the conclusion reached by the order. The findings must, of course, be related to the charges in such manner that the reviewing court can with reasonable facility perform its function, hut it is unnecessary for the same to contain a recital of the various nuances, inferences, and details of the evidence upon which the administrative body relied in reaching its conclusions.
The coincidence, as may often occur, that the findings parallel or track or paraphrase a substantial part of the charges is a non sequitur and of itself has no material bearing upon the sufficiency of the findings. It is obvious that if the charge in any given case is stated in detail and the evidence supports the charge, the administrative body may very well find it a practical necessity to substantially track or paraphrase much of the charge in order simply to state its findings. There is no logical reason to hold that this procedure under such circumstances violates the concept of due process. The findings complained of adequately support one or more of the charges made against the petitioner and the penalty imposed is clearly within the power of the Florida Milk Commission to determine as fixed by the legislature. It is not the province of this court to invade that prerogative of the commission.
The evidence herein reflects that the corporate petitioner is the alter ego of Mr. J. F. W. Zirlcelbach who is its president, general manager, and majority stockholder. It demonstrates beyond peradventure that he has adopted a persistent purpose not to respond to the authority vested in the Florida Milk Commission by Chapter 501, Florida Statutes, F.S.A. Considering the testimony as a whole, the conclusion is inescapable that Mr. Zirkelbach has arrogantly followed this course with full knowledge of the potential consequences upon his business enterprise. The validity of the statute under which the Florida Milk Commission operates has been repeatedly sustained by the appellate courts of this state. This court will not condone a flaunting of its authority by any individual.
The second point raised by petitioner is without merit. There is ample evidence in the record to sustain one or more of the charges made, any one of which constitutes grounds for revocation of petitioner’s license.
The petition for writ of certiorari must he and it is hereby denied.
WIGGINTON and RAWLS, JJ., concur.