247 So.2d 80 (1971)
Herman VEASEY, a Minor, by and through His Mother and Next Friend, Marie Veasey, Petitioner,
v.
BOARD OF PUBLIC INSTRUCTION, PALM BEACH COUNTY, Florida, Respondent.
No. 70-943.
District Court of Appeal of Florida, Fourth District.
February 17, 1971.
Rehearing Denied April 23, 1971.
*81 Brian Sherr and Louis G. Carres, Delray Beach, for petitioner.
James M. Gann, of Jackson & Jackson. Palm Beach, for respondent.
WALDEN, Judge.
This is a petition for writ of certiorari seeking review of a decision rendered by the Board of Public Instruction of Palm Beach County to expel a minor from the school system based on charges of misconduct.
Petitioner's Points One through Six are without merit. Point Seven contains merit, it being:
"Respondent Violated `Due Process' And The Administrative Procedure Act In That The Final Order Of The Board Of Public Instruction Amounted To Nothing More Than A Verdict Of Guilty As Charged."
The record reflects that the Board had been long suffering and conscientious in its dealings with this minor and his parent. However, it appears with reference to this point that, at most, the Board found the minor to have only "been guilty of the misconduct as charged." This is insufficient. Powell v. Board of Public Instruction of Levy County, Fla.App. 1969, 229 So.2d 308. See also Polar Ice Cream & Creamery Company v. Andrews, Fla.App. 1963, 155 So.2d 716, and Greyhound Lines, Inc., Southern Greyhound Lines Division v. Mayo, Fla. 1968, 207 So.2d 1.
Certiorari is granted. The decision of the School Board expelling the minor petitioner is quashed and the case remanded with directions to enter a written order containing findings of fact based upon the evidence adduced, that is to say, without the necessity of taking further testimony, coupled with the Board's conclusion as to which charge or charges have been sustained, all in accord with the aforementioned authorities.
It is so ordered.
CROSS, C.J., and MAGER, J., concur.

UPON PETITION FOR REHEARING
WALDEN, Judge.
We are now officially advised for the first time that the composition of the Board has changed between the time the Board conducted the expulsion hearing and the time we granted certiorari and remanded with instructions to the Board to enter an order containing specific findings of fact. In other words, some of the present Board members were not members at the time of the evidentiary hearing and the resulting decision to expel the minor petitioner from the school system.
The critical reason for requiring an administrative agency to state their conclusions and orders with specificity is to facilitate judicial review. Such findings point the pathway down which the appellate court may travel in reviewing the essential facts to determine whether such facts justify the conclusion reached by the *82 order. The findings must, of course, be related to the charges. Powell v. Board of Public Instruction of Levy County, Fla. App. 1969, 229 So.2d 308; Polar Ice Cream & Creamery Company v. Andrews, Fla. App. 1963, 155 So.2d 716 and Greyhound Lines, Inc., Southern Greyhound Lines Division v. Mayo, Fla. 1968, 207 So.2d 1.
As reflected in our initial opinion, the only deficiency in the expulsion proceeding was the failure of the Board to couch its findings in detail. We supposed that the Board could review the record and simply supply the lack without the necessity of conducting a new hearing. We did not know of the change in the Board's make-up at the time of our decision.
Looking freshly and advisedly at the problem, we are satisfied that the members of the old Board are without power in the premises and their effort to reconvene themselves at the present time as the Board and enter an order pursuant to our mandate is a nullity, even though it were dated nunc pro tunc October 13, 1970, which is the date of the original hearing. 2 Am.Jur., Administrative Law, § 532.
Since the old Board is without power other avenues must be explored. Florida allows hearing examiners, F.S. 1969, §§ 120.24 and 120.25, F.S.A. This mention is made only to record that our Administrative Procedure Act contemplates that persons other than those conducting the hearing may make ultimate decisions.
Courts that have considered the question are unanimous that evidence received from a hearing examiner may be used by the full Board in reaching their decision even if the Board did not actually hear the testimony. In other words, the Board could consider the evidence so adduced and the examiner's report. See 18 A.L.R.2d 606.
But what is the situation where there is a change in the personnel of the Board after the taking of evidence but before a decision is reached due to elections, illness, etc.? The courts are divided and Florida has not had occasion to consider the question. 18 A.L.R.2d 606, supra.
The leading case on this is Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288. That case held in effect that he who hears the evidence must decide the case. But what of cases of impossibility? If a board members dies before a final decision is reached, but after six months of testimony, must the new board start over? This is hardly likely.
So Morgan has been "interpreted." Firstly, hearing examiners are suitable as substitute ears for the entire board as was previously discussed. Secondly, Cooper v. State Board of Medical Examiners, 35 Cal.2d 242, 217 P.2d 630, said, The requirements of due process are not violated merely because, due to a change in personnel after the hearing, a member of a board ... who was not physically present at the taking of the evidence participates in an order ... where such member has read and considered the evidence or a transcript thereof. The case held further that even a California statute requiring that only members hearing the evidence can vote did not require "actual auditory perception." The new members must exercise their own independent judgment and must be quite familiar with the record of the original proceeding but they did not have to have heard the original testimony.
In the Cooper case the Board had held a hearing but reached no decision when the election came. The new Board, complete with newly elected members, considered a new count and convicted on some of the old charges, plus the new one. This case was followed 17 times without dissent. It was expanded by Justice Traynor in O'Reilly v. Board of Medical Examiners, 66 Cal.2d 381, 58 Cal. Rptr. 7, 426 P.2d 167. Two separate boards were involved in that case with the Board of Medical Examiners ratifying and adopting the prior actions of the Osteopathic Board. It was held that no injury was suffered as a consequence of the transfer between boards. The court *83 said that to require a new hearing would have been "needlessly wasteful." Thus careful consideration of the record of a hearing of a different board satisfied due process. It makes sense that careful consideration of the evidence gathered by previous members of the same board be at least equally satisfactory.
Adopting the position of the Cooper and O'Reilly cases, supra, we feel that it would be no violation of due process or of any rights of petitioners to view the hearing as originally conducted to be regular and proper to the same degree as if it had been conducted by a hearing examiner or by the new board. F.S. § 120.25, F.S.A. With this in mind, we newly remand with instructions to the new board as presently constituted, as follows:
1. Examine, consider and review the original record and make new findings of fact based thereon in accordance with the authorities cited in our original opinion.
2. Based on these new findings of fact, make a new and independent decision concerning appropriate punishment of the minor petitioner, if any, and including the possibility of expulsion. This is necessary since we believe the ultimate decision to expel made by the old Board was a nullity because not supported by specific findings.
3. It shall not be necessary to conduct a further or supplemental hearing as a basis for its findings and ultimate decision unless the new Board in its discretion chooses to do so.
Petitioner shall be entitled to seek judicial review of the Board's new decision in accordance with law.
Having now considered and acted upon the petition for rehearing, same is now
Denied.
CROSS, C.J., and MAGER, J., concur.