410 So.2d 593 (1982)
George F. LEWIS, Petitioner,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Respondent.
No. 81-1105.
District Court of Appeal of Florida, Second District.
February 26, 1982.
*594 H. Stephen Frank, Fort Myers, for petitioner.
Frederick H. Wilsen, Asst. Gen. Counsel, Dept. of Professional Regulation, Tallahassee, for respondent.
RYDER, Acting Chief Judge.
George F. Lewis, a licensed real estate broker in Fort Myers, seeks reversal of a final order of the Board of Real Estate (Board), a board within the Department of Professional Regulation (Department), Division of Professions, rejecting a hearing officer's recommended order that the Department's administrative complaint be dismissed.
The Department filed a complaint on January 31, 1980, charging Lewis violated section 475.25(1)(a), Florida Statutes (1977). The complaint alleged that Lewis was guilty of "fraud, misrepresentation, dishonest dealing and breach of trust" in his real estate dealings with Dwight L. and Edith M. Strong during 1977 and 1978. The complaint sought suspension of Lewis' real estate license or otherwise discipline his right to practice thereunder.
At the conclusion of an administrative hearing on December 5, 1980, the hearing officer issued his findings of fact, conclusions of law and recommendation that the complaint be dismissed. That same day, he submitted the recommended order to the Board.
In a final order dated May 13, 1981, the Board rejected the hearing officer's findings of fact, conclusions of law and recommendation, and suspended Lewis' license for six months.
Lewis asserts that the Board failed to comply with section 120.57(1)(b)(9), Florida Statutes (1979), which provides in pertinent part:
The agency in its final order ... may not reject or modify the findings of fact unless the agency first determines from a complete review of the record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence... . (Emphasis added).
A review of the final order indicates that the Board simply declared in relevant portion that:
[t]he said recommended order is rejected... . The Board of Real Estate rejects the Findings of Fact and states that said Findings were not based upon competent substantial evidence and said determination is based upon a review of the complete record.
Such a conclusionary rejection of the hearing officer's recommended order just simply is not permitted for, in rejecting the hearing officer's order, the agency must state with particularity which findings are rejected and why. Moore v. Florida Construction Industry Licensing Board, 356 So.2d 19 (Fla. 4th DCA), cert. denied, 364 So.2d 884 (Fla. 1978); Harvey v. Nuzum, 345 So.2d 1106 (Fla. 1st DCA 1977). Further, the critical reason for requiring an administrative agency to state their conclusions and orders with specificity is to facilitate judicial review. Veasey v. Board of Instruction, Palm Beach County, 247 So.2d 80 (Fla. 4th DCA 1971).
Lewis also argues that the Board failed to observe section 120.59(1)(b), Florida Statutes (1979), which reads in significant part:
(1) The final order in a proceeding which affects substantial interests shall be in writing or stated in the record and include findings of fact and conclusions of law separately stated, and it shall be rendered within 90 days:

* * * * * *
(b) After a recommended order is submitted to the agency and mailed to all parties, if hearing is conducted by a hearing officer... .
* * * * * *
The 90-day period may be waived or extended with the consent of all parties. (Emphasis added).
The hearing officer issued his recommended order to the Board on December 5, 1980. The Board rendered its final order on May 13, 1981, sixty-eight days after the ninety-day *595 period expired. Thus, the Board flagrantly violated the mandatory ninety-day rule of section 120.59(1)(b).
Opposing views have been expressed regarding the consequences of a section 120.59(1)(b) violation. Compare G & B of Jacksonville, Inc. v. Florida Department of Business Regulation, Division of Beverage, 362 So.2d 951 (Fla. 1st DCA 1978), appeal dismissed, 372 So.2d 468 (Fla. 1979) (reversal of agency action hinges upon whether the delay impaired either the fairness of the proceedings or the correctness of the action) with Hyman v. State, Department of Business Regulation, Division of Pari-Mutuel Wagering, 399 So.2d 1098 (Fla. 3d DCA 1981) (time violation renders agency action unenforceable in a proceeding in which the agency is enforcing regulatory laws).
Section 120.68(8), which deals with judicial review, states in relevant part as follows:
The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.
Where an agency's violation of the ninety-day rule constitutes a material error in procedure which causes severe prejudice and no extenuating circumstances exist which would relieve the agency from strict compliance with such rule, we shall reverse the agency action. Compare Pinellas County v. Florida Public Employees Relations Commission, 379 So.2d 985 (Fla. 2d DCA 1980) (reversal justified where a time violation for which no extenuating circumstances existed adversely affected the fairness of the proceedings and constituted a material error in procedure) with School Board of Sarasota County v. Florida Public Employees Relations Commission, 382 So.2d 1361, 1362 n. 1 (Fla. 2d DCA 1980) (reversal not justified on grounds of a time violation where extenuating circumstances existed and no severe prejudice was shown). In the case at bar, Lewis has not demonstrated that the time violation resulted in severe prejudice. Thus, we choose not to reverse the final order on this ground.[1]
Accordingly, pursuant to section 120.68(13)(a)(1), we vacate the final order for violation of the particularity requirement of section 120.57(1)(b)(9), and remand with instructions to the Department to conduct such further proceedings necessary to produce a final order consistent with this opinion.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] We note that an agency may request a stipulation for a waiver or extension of the time limit pursuant to section 120.59(1)(b).