504 So.2d 1345 (1987)
FRIENDS OF CHILDREN, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. BP-124.
District Court of Appeal of Florida, First District.
March 27, 1987.
*1346 Robert L. Hinkle and Elizabeth W. McArthur, of Aurell, Fons, Radey & Hinkle, Tallahassee, for appellant.
John R. Perry, Asst. Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a Department of Health and Rehabilitative Services order by which its application for licensure as a child placing agency was denied. Appellant raises several issues on appeal: 1) whether the department erred in denying the license when appellant met certain licensure standards set forth in the department's rules; 2) whether the department may depart from an alleged prior practice of licensing qualified applicants notwithstanding assertions that they operated in Florida prior to obtaining a license; 3) whether appellant, as a licensed Georgia child placing agency, may place children with Florida citizens under the Interstate Compact on the Placement of Children, and may conduct certain placement activities in Florida without obtaining a Florida license; and 4) whether the secretary of the department erred in rejecting the hearing officer's recommended order, and in making new findings of fact and conclusions of law *1347 alleged to be improper under section 120.57(1)(b)9, Florida Statutes.
We conclude that the department properly relied upon applicable statutes noted below in addition to its rules in acting on the application. On the second issue, significant differences existed between appellant's unlicensed activities and those conducted by another child placing agency which was licensed by the department. The agency erred, however, in formulating findings of fact not made by the hearing officer, for the purpose of supporting its conclusion that appellant's unlicensed activities were violative of Chapter 63 and section 409.401, Florida Statutes. Because of that error, we do not reach the merits of appellant's third issue on appeal, but reverse the order and instruct the department to remand the case to the hearing officer for the necessary predicate findings on the evidence.
Appellant applied for a Florida license as a child placing agency on June 27, 1983. Although the department determined that appellant satisfied certain standards for licensure as set forth in its rules, Rule 10C-15.53, F.A.C., infra, it found that appellant had been operating in Florida without a license since 1982 and denied licensure on that basis. Appellant then requested a section 120.57(1), Florida Statutes, hearing. The department executed a prehearing stipulation in which it agreed that appellant met the minimum standards set forth in the referenced rules, and it opposed licensure solely on the basis of appellant's prior unlicensed activities in Florida.
The hearing officer in a recommended order found that because appellant met the minimum standards for licensure in the rules, the license should be granted. The hearing officer rejected as legally irrelevant the department's proposed findings of fact on evidence of prior unlicensed activities conducted by appellant which the department maintained were violative of Chapter 63, Florida Statutes, and the Interstate Compact on the Placement of Children, section 409.401, Florida Statutes. The hearing officer found also that the department had an established past practice of issuing licenses notwithstanding the applicant's prior unlicensed activities.
The department rejected the hearing officer's conclusion that it had failed to adequately explain why it denied appellant's license after granting a license to another child placing agency that had engaged in prior unlicensed activities in Florida. The department further rejected the hearing officer's determination that its own rules compelled issuance of the license, and concluded that the hearing officer erred in finding irrelevant all evidence of appellant's violation of the statutory and Interstate Compact provisions of Chapter 63 and section 409.401, Florida Statutes. The department then made its own "supplemental findings of fact" as to appellant's unlicensed activities, and concluded that such activities were violative of Chapter 63 and section 409.401, Florida Statutes. Its final order denied the license.
Florida Administrative Code Rule 10C-15.53(4) provides that an applicant for licensure "must meet all of the minimum standards, rules, regulations and requirements currently established by the Department for child placing agencies." Rule 10C-15.53(8) provides that the secretary of the department or his designated representative shall "approve the issuance of a license or reject the application for a license if minimum standards for child placing agencies are not met." Those provisions do not in terms or by necessary inference preclude the department's denial of a license when an applicant satisfies all licensure requirements set forth in those rules but fails to meet other statutory standards for child placing agencies contained in Chapter 63 and the Interstate Compact. The existence of the rules establishing certain requirements for licensure does not in the context of this case reasonably preclude the department's consideration of provisions in other applicable law pertaining to approval or denial of a license.[1] The *1348 rules are not explicitly exclusive, and appellant presents no compelling basis for finding a lack of notice from the face of the statutes that violations thereunder, if proven, might be material in licensing proceedings.
As to appellant's second issue on appeal, our reading of the record indicates significant differences between appellant's unlicensed activities and those conducted by Children's Services International prior to its licensure. The record shows that Children's Services International complied with provisions of the Interstate Compact, while appellant is alleged to have either ignored those provisions or attempted to shift responsibility for compliance to prospective adoptive parents. The record also shows that Children's Services International and the department negotiated and came to agreement regarding what activities Children's Services International could conduct in Florida without a license. Appellant did not arrive at an agreement with the department regarding its unlicensed activities.[2]
The department, however, improperly made supplementary findings of fact to support its conclusion. We are referred to no authority for such action absent a determination of the disputed facts by the hearing officer before whom the evidence had been submitted.[3] Although the parties in this case submitted voluminous evidence regarding the activities in question and their compliance or noncompliance with statutory and Interstate Compact provisions, the hearing officer made no findings of fact on that issue, concluding instead that all such evidence was irrelevant. The department acted within its discretion in rejecting the hearing officer's conclusion that violations of the statutory and Interstate Compact provisions were legally irrelevant to licensure, but it should then have remanded the cause for the hearing officer to supply the findings of fact thereby rendered necessary. Because we find the final order to be defective in this respect, we do not reach the merits of appellant's third point on appeal, supra.
Appellant's remaining contention that the final order fails to recite compliance with section 120.57(1)(b)(9), Florida Statutes, appears to be mooted by our reversal and remand above. We would not in any event assume that such error, if any, will recur.
Appellant seeks attorney's fees under Florida Rule of Appellate Procedure 9.400 and section 120.57(1)(b)9, Florida Statutes, alleging that the department's actions in this licensing proceeding were a gross abuse of discretion. We find no abuse of discretion and deny the claim.
The order is reversed and the cause remanded for further proceedings, including remand by the department to the hearing officer for the entry of a recommended order containing all necessary findings of fact in accordance with this opinion.
WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] The hearing officer's reliance on Intercoastal Biologicals, Inc. v. Department of Health & Rehabilitative Services, 264 So.2d 470 (Fla. 1st DCA 1972), appears to be misplaced in that the agency there improperly based its denial on an applicant's alleged infractions of law (practice of medicine) beyond the agency's regulatory authority, there being no contested issue as to the applicant's apparently good faith prior operation of a branch clinic without independent license.
[2] The parties have submitted here, as additional authority, a judgment in State of Florida, Department of Health & Rehabilitative Services v. Friends of Children, Inc., 653 F. Supp. 1221 (N.D. Fla. 1986), rendered after entry of the order on appeal. Because we dispose of the appeal on grounds requiring further proceedings on remand, the cited judgment may of course be considered in such proceedings to whatever extent it may be pertinent.
[3] "When the entity charged with finding facts upon the evidence presented, the hearing officer, has, for whatever reason, failed to perform this function, the appropriate remedy is ... for the agency ... to remand for the officer to do so." Cohen v. Department of Professional Regulation, 477 So.2d 1039 at 1047 (Fla. 3d DCA 1985).