643 So.2d 1103 (1994)
Sandra BOULTON, Appellant,
v.
Virgil L. MORGAN, Appellee.
No. 93-2439.
District Court of Appeal of Florida, Fourth District.
August 24, 1994.
Rehearing and Rehearing Denied November 1, 1994.
Sally C. Gertz, FEA/United, Tallahassee, for appellant.
Robert Paul Vignola, Marko & Stephany, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied November 1, 1994.
STEVENSON, Judge.
This is an appeal from a final administrative order entered by the School Board of Broward County ("the school board") terminating Sandra Boulton ("Boulton") for using racial slurs in the classroom and otherwise demonstrating racial insensitivity. We reverse because the school board failed to follow the requirements of the Administrative Procedures Act in modifying the hearing officer's recommended penalty of suspension.
Boulton was employed by the school board as an art teacher at Markham Elementary *1104 School. The student body at Markham is predominantly African-American. Although Markham provides an African-American Infusion Program and has a Multi-Cultural Department, racial tensions between faculty, staff and students at Markham are extraordinarily high. On May 22, 1992, the school board filed an administrative complaint against Boulton alleging, among other things, that she had used inappropriate racial slurs and epithets in the classroom in December, 1991 and in front of staff in March, 1992. The complaint alleged that she had previously used racial slurs in the classroom in 1990 and had been given a written letter of reprimand. Boulton was charged with immorality, misconduct in office and gross insubordination or willful neglect of duties. The school board sought Boulton's immediate suspension and subsequent dismissal from employment as an instructional employee.
The case went to a formal administrative hearing on October 1, 1992, before the Honorable Daniel Manry, a duly designated hearing officer for the Division of Administrative Hearings. After a full evidentiary hearing, the hearing officer found that Boulton had used a racial slur in the classroom on December 5, 1991, but that the school board failed to prove that Boulton had used racial epithets on March 23 and 24, 1992. As for the 1990 incident, the hearing officer found that (1) Boulton was accused of using racial slurs, (2) some witnesses testified that they heard the slurs, (3) the student against whom the remarks were directed testified that he did not hear the slurs, and (4) Boulton denied making the slurs and signed a written reprimand without any admission of guilt. The hearing officer recommended that Boulton:
[S]hould be suspended without pay from the date she was first suspended without pay through the date of the Final Order to be entered in this proceeding. [Boulton] should also be required to attend and satisfactorily complete the African-American Infusion Program administered through the Multi-Cultural Department at Markham or a comparable program of education and rehabilitation designated by [the school board].
The school board accepted in its entirety the hearing officer's findings of fact and conclusions of law. However, the school board amended the recommendation, increased the penalty and terminated Boulton from her teaching position. The actual language of the final order is vitally important. It stated:
The [school board] finds an increase of the hearing officer's recommended penalty is appropriate in that the occurrence of December 5, 1992 was the second incident where [Boulton] exhibited insensitivity to racial sensitivity in the community in which [she] was employed and because of the nature of the occurrences, [Boulton] should not be placed in another school setting. (Emphasis added).
We find that the school board erred in increasing the penalty recommended by the hearing officer because the increase was predicated on a supplemental factual finding found nowhere in the hearing officer's order. In other words, the hearing officer never found that Boulton used racial slurs or epithets in the 1990 incident  the hearing officer merely recounted the allegations, including Boulton's denial, and found that she had received a written reprimand.[1] In contrast, the school board stated that it was increasing the recommended penalty because the December 1991 incident was "the second incident where [Boulton] exhibited insensitivity to racial sensitivity." Thus, the school board's stated reason for the increase in penalty is based on the premise that Boulton did in fact use racial slurs in the 1990 incident. No other interpretation of the order is consistent with the plain meaning of the words used in the final order.
Section 120.57(1)(b)(10), Florida Statutes (1993), provides that an agency may not increase the recommended penalty in a recommended order "without a review of the complete record and without stating with particularity *1105 its reasons therefor in the order, by citing to the record in justifying the action." Thus, it is clear that an agency may adopt in toto the hearing officer's findings of fact and conclusions of law, yet reject the recommended penalty. But in doing so, the agency must comply with the provisions of section 120.57(1)(b)(10). See Criminal Justice Standards v. Bradley, 596 So.2d 661 (Fla. 1992).
In the present case, the school board's attempt to satisfy the requirements of section 120.57(1)(b)(10) fails because its reasons for varying from the hearing officer's recommended penalty is grounded on factual predicates not found by the hearing officer. This is improper because an agency may not make supplemental findings of fact on an issue where the hearing officer has made no findings. Friends of Children v. Department of Health & Rehabilitative Servs., 504 So.2d 1345 (Fla. 1st DCA 1987); Cohn v. Department of Professional Reg., 477 So.2d 1039 (Fla. 3d DCA 1985).
While some authority exists for the proposition that this case could be remanded back to the school board so that the school board could then remand the case back to the hearing officer to supply the missing finding of fact, see generally Friends of Children; Cohn, this remedy was specifically rejected and therefore waived by counsel for the school board at oral argument.
Accordingly, we reverse the school board's final order and remand this case to the school board with instructions to reinstate the hearing officer's recommended penalty.
REVERSED AND REMANDED.
ANSTEAD, J., and MICKLE, STEPHAN P., Associate Judge, concur.
NOTES
[1] At oral argument, counsel for the school board was asked several times by the panel whether the school board wanted this court to remand the case to the hearing officer so that he could make a definitive finding as to whether or not the first incident in fact occurred. The counsel for the school board answered "No" each time.