DAVIS, Judge.
Mr. Libby, a licensed private investigator, appeals a final order of the Department of State, Division of Licensing, imposing a fine of $700 and ordering the revocation of five (5) licenses issued to him by the State of Florida. Mr. Libby argues that the Division erred in imposing a $700 fine without adequately explaining a reason for departing from the penalty suggested in the hearing-officer’s recommended order. He also contends the amended administrative complaint failed as a matter of law to provide notice that all his licenses were at risk, as compared to the specific licenses he was charged with having obtained by fraud, and therefore, the Division erred in revoking all of his licenses. We affirm the revocation of Mr. Libby’s licenses because the complaint was adequate to put Mr. Libby on notice of the charges against him. However, while the record contains evidence which might support a decision to increase the penalty, the only reason for doing so which was actually stated with particularity by the Division (that the hearing officer had found the existence of aggravating circumstances) is not supported by the record. Therefore, we reverse the imposition of the $700 fine and remand for reconsideration.
The licenses issued to Mr. Libby consist of a Class “A” Private Investigative Agency License; a Class “C” Private Investigator License; a Class “D” Security Officer License; a.Class “G” Statewide Firearm License; and a Class “M” Private Investigative/Security Agency Manager License. He was charged in the administrative complaint with having obtained his Class “C” and Class “M” licenses through fraud, and with failing to cooperate in the investigation. Mr. Libby does not dispute the findings of fact that he submitted, as attachments to his application for the Class “C” Private Investigator License and his application for a Class “M” Private Investigative/Security Agency Manager License, a falsified “Certificate of Training” as a military investigator; as well as another false document which purported to document successful completion of a course in “Military Police Investigation”; as well as another false document which purported to *71 document successful completion of a course in drug recognition and identification. Nor does he dispute that he stated that these documents were genuine (during the course of the investigation) and later feigned a lack of knowledge that they had even been included in his application packages. Additionally, Mr. Libby does not dispute the findings of fact that he falsely misrepresented that he had been stationed in Germany from November 1972 through February 1978, and devoted 100 percent of that time to military police investigations; falsely represented that he had experience as an investigator while employed by the Harrison Detective Agency in Texas; falsely represented that he had been licensed as an investigator from 1976 through 1978 by the State of Texas; and falsely represented that he had been employed as an investigator by the Conger Life Insurance Company.
Mr. Libby does not contest that the facts alleged are sufficient, standing alone, to justify the revocation of all of his licenses. He contends that the complaint was deficient because it did not expressly recite that the penalty sought was the revocation of all five licenses. The amended administrative complaint alleged that Mr. Libby held all five of the licenses described above, that all five licenses were issued pursuant to Chapter 493, Florida Statutes, and that the allegations of the complaint justified action provided for in section 493.6118(2), providing for suspension or revocation of licenses for enumerated acts, including obtaining a license by fraud.
The administrative complaint adequately alleged the facts necessary for Mr. Libby to prepare his defense. See, e.g., Seminole County Board of County Commissioners v. Long, 422 So.2d 938 (Fla. 5th DCA 1982), petition for revietv denied mem., 431 So.2d 989 (Fla.l983)(administrative complaint was not so vague or indefinite as to mislead the appellee in preparing her defense because it sufficiently alleged the underlying facts upon which her dismissal was based). The allegations in the complaint were sufficient to inform Mr. Libby that all five licenses were at risk in this administrative proceeding. In Florida Board of Massage v. Thrall, 164 So.2d 20, 22 (Fla. 3d DCA 1964), a license suspension case, the court held that “in administrative proceedings of this nature it is not necessary that the information or accusation be cast with that degree of technical nicety required in a criminal prosecution.” The court then quoted State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705, 710 (1934): “in such proceedings it is sufficient if the accused is informed with reasonable certainty of the nature and cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, and the proceedings are conducted in a fair and impartial manner ...” Id. While we recognize “the tension between the strict construction required in a license revocation proceeding and the deference an appellate court is called upon to accord administrative findings of fact,” Davis v. Dep’t of Professional Regulation, 457 So.2d 1074, 1076 (Fla. 1st DCA 1984), we conclude that this administrative complaint was adequate to put Mr. Libby on notice of the charges against him' and the fact that all of his licenses were at stake in these proceedings. Therefore, we affirm the revocation of all five licenses.
As to the imposition of the $700 fine, however, we reverse. The hearing officer’s recommended order recommended revocation of the licenses, but did not recommend an additional fine. The Division admits the fine was imposed based upon its erroneous belief that the hearing officer had found the existence of aggravating circumstances. Although conceding this error, the Division contends that the error was harmless because the penalty was within the limits allowed by law.
We reject the Division’s argument that this court cannot reverse an agency’s decision to increase the penalty as long as the penalty was within the limits permitted by the statute. Under Criminal Justice Standards and Training Comm’n v. Bradley, 596 So.2d 661 (Fla.1992), an agency may adopt the hearing officer’s findings of fact and conclusions of law, yet increase the penalty, while remaining within the statutory guidelines, upon stating with particularity reasons for doing so, which reasons are supported by the facts in the record. See also *72 Boulton v. Morgan, 643 So.2d 1103 (Fla. 4th DCA 1994)(reversing a final order because the reasons given by the agency for increasing the penalty were not supported by the record). In the present case, the only reason given for increasing the penalty by adding the $700 fine was that the hearing officer had found the existence of aggravating circumstances. The Division now admits that the hearing officer did not make a finding-concerning the existence of aggravating circumstances. Thus, the reason given for increasing the penalty is not supported by the record.
Accordingly, we AFFIRM the revocation of all five of Mr. Libby’s licenses, but we REVERSE the imposition of the fine, and REMAND for reconsideration whether the fine is justified by the facts contained in the record.
ERVIN and KAHN, JJ., concur.