693 So.2d 1025 (1997)
FLORIDA POWER & LIGHT CO., Appellant,
v.
STATE of Florida, Siting Board; Manatee County, Florida; Southwest Florida Water Management District; Manasota-88, Inc.; and Manatee County Save Our Bays Association, Inc., Appellee.
No. 96-1799.
District Court of Appeal of Florida, First District.
May 14, 1997.
*1026 Peter C. Cunningham; David L. Powell; Douglas S. Roberts; and Gary V. Perko of Hopping, Green, Sams & Smith, P.A., Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and Jonathan A. Glogau, Assistant Attorney General, Tallahassee, for Appellee.
Thomas W. Reese, St. Petersburg, for Appellee/Manasota-88, Inc.
John W. McWhirter, Jr., of McWhirter, Reeves, McGlothlin, Davidson, Rief & Bakas, P.A., Tampa; and Joseph A. McGlothlin and Vicki Gordon Kaufman of McWhirter, Reeves, McGlothlin, Davidson, Rief & Bakas, P.A., Tallahassee, Amici Curiae, The Florida Industrial Power Users Group, The Florida Manufacturing and Chemical Council and The Florida Chamber of Commerce.
Debra Swim, Tallahassee; and Katherine Kennedy, New York City, Amici Curiae Natural Resources Defense Council, Sierra Club, Inc., Legal Environmental Assistance Foundation, Inc.
James D. Palermo, City Attorney; and Jorge I. Martin, Assistant City Attorney, Tampa, Amicus Curiae Brief of the City of Tampa.
PER CURIAM.
Florida Power and Light Co. (FPL) appeals an order of the Siting Board denying an application for certification to convert an existing power plant to utilize a product called Orimulsion. FPL argues that this order should be reversed and remanded for failure to satisfy the requirements of Chapter 120, Florida's Administrative Procedures Act (APA), because the Board usurped the role of the hearing officer as finder of fact both by rejecting findings of fact which were supported by competent substantial evidence and by making its own supplemental findings of fact; improperly reweighed the evidence; failed to state with particularity the specific findings being rejected; and did not separately state its findings of fact and conclusions of law. FPL further argues that the final order should be reversed because the Siting Board violated the Florida Electrical Power Plant Siting Act, sections 403.501 through 403.518, Florida Statutes (1995), by failing to specify conditions which would secure approval of the application. Finally, FPL argues that the Siting Board violated both chapter 120 and chapter 403, Florida Statutes (1995), by improperly adopting non-rule policy and adopting policy which is in conflict with the Department of Environmental Protection's policies and the Siting Board's own precedents. Finding this order so deficient concerning the APA's requirement to specify the findings of fact which are being rejected and the reasons for rejecting those findings that the order defies judicial review, we vacate this order and remand for entry of a final order comporting with the requirements of the APA. We decline to reach any of the other issues raised in this appeal.
The potential impacts of the use of Orimulsion, and the question whether Orimulsion is ecologically, economically and otherwise better or worse than the number 6 fuel oil currently being utilized by FPL's Manatee County power plant, are complex questions. The hearing officer's recommended order is 148 pages long, containing 258 enumerated findings of fact. The Siting Board asserts that none of the hearing officer's findings of fact were rejected. The Siting Board argues that, rather than reject findings of fact, it simply made supplemental findings. It is not proper for the agency to make supplemental findings of fact on an *1027 issue about which the hearing officer made no findings. See Friends of Children v. Florida Dep't of Health and Rehabilitative Services, 504 So.2d 1345, 1348 (Fla. 1st DCA 1987) (improper for department to make supplementary findings of fact to support its conclusion; appropriate remedy when entity charged with finding facts fails to perform that duty is to remand for the hearing officer to do so); see also Boulton v. Morgan, 643 So.2d 1103, 1105 (Fla. 4th DCA 1994).
The intervenors aligned with the Board, Manasota-88, Inc., and Manatee County Save Our Bays Association, Inc. (MCSOBA), take the contrary position that a large number of findings of fact, those referenced in intervenors' exceptions, were actually rejected. The plain language of the final order forces us to the conclusion that the Siting Board rejected some findings of fact based upon the Siting Board's reasoning that they were actually mixed questions of law and fact, and were incorrectly decided. The Board does not delineate with specificity which were accepted and which were rejected, other than to say that "[t]he Board accepts the findings of fact found within the recommended order, except where those factual findings are mixed questions of law and fact ..."
It is impossible to determine which findings of fact were rejected by the Siting Board. Thus, this order violates a fundamental precept of the APA that an agency may not reject or modify a hearing officer's factual findings without first conducting a review of the entire record and then stating with particularity in its final order which findings of fact are being rejected and why those findings of fact were not based upon competent substantial evidence or why the proceedings did not comply with the essential requirements of law. § 120.57(1)(b)10, Fla. Stat. (1995). See Moore v. Florida Const. Industry Licensing Bd., 356 So.2d 19, 20 (Fla. 4th DCA), cert. denied mem., 364 So.2d 884 (Fla.1978) ("order must state with particularity which findings are rejected and why"). A final order which does not meet these tests is "fatally defective." Harvey v. Nuzum, 345 So.2d 1106, 1107 (Fla. 1st DCA 1977). "[T]he critical reason for requiring an administrative agency to state their conclusions and orders with specificity is to facilitate judicial review." Lewis v. Florida Dep't of Professional Regulation, 410 So.2d 593, 594 (Fla. 2d DCA 1982), citing Veasey v. Board of Public Instruction, 247 So.2d 80, 81 (Fla. 4th DCA 1971). We therefore vacate the Siting Board's order and remand for entry of an order which comports with the requirements of Florida's Administrative Procedure Act. See Bekiempis v. Dep't of Professional Regulation, 421 So.2d 693, 694 (Fla. 2d DCA 1982); McDonald v. Florida Dep't of Banking and Finance, 346 So.2d 569, 586 (Fla. 1st DCA 1977).
In vacating this defective order, we reject the Siting Board's argument that it acted properly because the Siting Board is the final authority charged with determining the public policy of the state. We agree that the Florida Electrical Power Plant Siting Act appears to vest extensive discretion in the Siting Board. The Siting Board is charged with the responsibility of deciding whether a requested certification will "serve and protect the broad interests of the public." § 403.5175, Fla. Stat. (1995). The Siting Board now asserts that it acted within its statutory authority, for example, in making a policy determination that use of cleaner fuels than Orimulsion (such as natural gas) would be in the best interest of the citizens of Florida. We make no determination today whether such a policy decision is supported by the record or within the authority of the Board. The Board's final order does not even contain this alleged policy justification as a reason for the Board's decision, let alone recite the record support for such a decision. The APA prescribes the process by which disputed facts are found, and "requires an agency to explain the exercise of its discretion and subjects that explanation to judicial review." McDonald v. Florida Dep't of Banking and Finance, 346 So.2d at 577. We can only act on the record and the order presented to this court, and the order of the Board is inadequate. "[P]olicy must be established by expert testimony, documentary opinion, or other evidence appropriate to the nature of the issues involved and the agency must expose and elucidate its reasons for its *1028 discretionary action." E.M. Watkins & Co. v. Board of Regents, 414 So.2d 583, 588 (Fla. 1st DCA), review denied mem., 421 So.2d 67 (Fla.1982) (holding that agency order adequately explained the policy being applied and the evidentiary support for that policy). See also Manasota-88, Inc. v. Gardinier, Inc., 481 So.2d 948, 950 (Fla. 1st DCA 1986). In Manasota-88 v. Gardinier, this court found that the denial of a request for formal hearing amounted to the implementation of a non-rule policy that air pollution permits were not required for a particular project. The court held that such a policy must be supported by evidence, the parties must be given an opportunity to provide contrary evidence, and the agency order must set forth the policy or discretionary action and explain the reasons for it.
The Siting Board's order fails to satisfy the requirements of the APA, and therefore defies judicial review. Accordingly, the appealed order is VACATED, and this case is REMANDED for such further proceedings necessary to produce a final order consistent with this opinion.
KAHN and DAVIS, JJ., concur.
BENTON, J., concurs with written opinion.
BENTON, Judge, concurring.
Because the Florida Power Plant Siting Board must reconsider its order on remand, I write separately about another issue it will confront: treatment of scientific opinion testimony the order under review rejected. This testimony came in without objection at the evidentiary hearing. The applicant had no notice of any need to try to prove the same facts by other means. The intervenors had an opportunity to rebut the testimony, but did not do so. The hearing officerwho has since been statutorily reincarnated as an administrative law judge (ALJ)relied on the testimony. The Siting Board should not have entertained an evidentiary objection lodged for the first time after the hearing had concluded, and should not consider such an objection on remand. See Tri-State Sys., Inc. v. Department of Transp., 500 So.2d 212 (Fla. 1st DCA 1986). But see Harris v. Game and Fresh Water Fish Comm'n, 495 So.2d 806 (Fla. 1st DCA 1986).
Except in the most extreme casesthose where "the proceedings did not comply with essential requirements of law"the Administrative Procedure Act (APA) precludes an agency's changing an ALJ's finding of fact on any basis other than the lack of substantial competent evidence to support it. Among the revisions to the APA which will apply on remand, see Life Care Ctrs. of Am. v. Sawgrass Care Ctr., 683 So.2d 609 (Fla. 1st DCA 1996), is language intended to foreclose altogether evidentiary rulings in a final order entered after entry of a recommended order.
(j) The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules over which it has substantive jurisdiction. Rejection or modification of conclusions of law may not form the basis for rejection or modification of findings of fact. The agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.
§ 120.57(1)(j), Fla. Stat. (Supp.1996)(emphasis added). The Siting Board does not have "substantive jurisdiction" over the procedural, evidentiary question the hearing officer would have had to decide, if objection to the opinion testimony had been made during the hearing. Even if the Siting board properly rejects some conclusion of law, it is not at liberty to alter findings of fact for that reason. The present case does not implicate the "basic residuum rule," Bellsouth Adver. and Publ'g Corp. v. Unemployment Appeals Comm'n, 654 So.2d 292, 295 (Fla. 5th DCA 1995) (construing language in former section 120.58(1)(a)1. now found in section 120.57(1)(c)), which may itself require refinement in light of section 120.57(1)(j), Florida Statutes (Supp.1996).
*1029 The court properly acknowledges the Siting Board's "extensive discretion." Ante, p. 1027. Under the Florida Power Plant Siting Act, the Siting Board's exercise of its discretion is entitled to judicial deference, in keeping with the Legislature's decision to commit these matters to the Siting Board's initial determination. See generally Florida Power Corp. v. State, Dep't of Envtl. Regulation, 638 So.2d 545 (Fla. 1st DCA 1994). While the court's decision today contemplates scrupulous adherence to the procedural requirements laid down by the APA, it does not in any way prejudge the important policy decisions that the Siting Board will have to make once the facts become clear.