VAN NORTWICK, J.
The City of Winter Park and the City of Maitland appeal an. order of an administrative law judge of the Division of Administrative Hearings which dismissed with prejudice their petition seeking an administrative determination that the long range transportation plan adopted by the Metropolitan Planning Organization for the Orlando Urban Area, appellee, constituted an invalid “rule” pursuant to section 120.52(8)(a), Florida Statutes (1997). Among the issues raised on appeal, appellants argue that the order on appeal must be vacated and remanded because, contrary to section 120.569(2)(c), Florida Statutes (1997), the order does not provide specific findings, conclusions, and reasons for the dismissal, and because the administrative law judge refused to allow appellants to amend their petition. We agree and reverse.
Section 120.569(2)(e), applicable to proceedings under section 120.56, requires that, in the event a petition is dismissed, the “[dismissal ... shall, at least once, be without prejudice to petitioner’s fifing a timely amended petition curing the defect, unless it conclusively appears from the face of the petition that the defect cannot be cured.” Further, section 120.569(2)(c) provides that the order “state with particularity its reasons if the petition is not granted.... ”
Below, appellees had argued numerous grounds for dismissal. In the order on appeal, the administrative law judge simply stated that the motions to dismiss were “well-taken,” granted the motions, and ordered the case file closed. The order failed to identify which grounds were considered well-taken or why any defects in the petition could not be cured by amendment. Thus, the order obviously failed to comply with the requirements of section 120.569(2)(c). As we have explained, “[t]he critical reason for requiring an administrative agency to state their conclusions and orders with specificity is to facilitate judicial review.” Florida Power & Light Co. v. State of Florida, Siting Board, 693 So.2d 1025, 1027 (Fla. 1st DCA 1997)(quoting Lewis v. Florida, Dep’t of Professional Regulation, 410 So.2d 593, 594 (Fla. 2d DCA 1982)). On remand, the administrative law judge shall enter an amended order setting forth with specificity the reasons for the dismissal and either shall provide appellants with an opportunity to amend their petition or shall state with specificity why any defect in the petition cannot be cured by amendment. See § 120.569(2)(c), Fla. Stat. (1997).
We reverse the order and remand this case for such other proceedings as are necessary to produce a final order comporting with the requirements of chapter 120, Florida Statutes. We decline to reach any of the other issues raised in this appeal.
BOOTH AND MINER, JJ., CONCUR.