FARMER, C.J.
In this license discipline case, the Board of Dentistry (Board), revoked a dentist’s license to practice even though an administrative law judge (ALJ) recommended only a suspension. The Board had charged him with, among other things, practicing below the applicable standard, inadequate record keeping, and failing to have malpractice insurance or establish proof of financial responsibility. On these charges he was found guilty, while he was exonerated of others. We have considered all of his arguments and affirm the Board’s finding of guilt as to the above three charges and proceed to consider the dentist’s claim that the penalty is unauthorized.
*80 The issue raised by the dentist is whether the Board properly increased the recommended penalty. In Criminal Justice Standards & Training Commission v. Bradley, 596 So.2d 661, 663 (Fla.1992), the court recognized that a primary function of professional disciplinary boards is to determine the appropriate punishment for misconduct of the professionals regulated. A professional board has the discretion to increase the recommended penalty as long as: (1) the agency complies with section 120.57(1), Florida Statutes; (2) the statute under which the agency operates provides guidelines for imposing penalties; and (3) the increased penalty falls within the guidelines established by its statute. Id.; Dep’t of Law Enforcement v. Hood, 601 So.2d 1194, 1195 (Fla.1992).
The dentist argues that no rule authorizes a revocation of license for practicing below the applicable standard. But revocation is stated as a penalty for violating section 466.028(l)(x), Florida Statutes (2003) (incompetence or negligence by failing to meet the minimum standards of performance in diagnosis and treatment), as to which the dentist was found guilty. See Rule 64B5-13.005(3)(bb), (cc), Fla. Admin. Code (1995) (describing penalties for incompetence and negligence respectively: “the usual course of action of the Board shall be to impose probation, restriction of practice, suspension, and/or[1] revocation”). Accordingly, revocation was within the range of penalties provided by the Board’s disciplinary guidelines. He also contends that the penalty is not authorized by statute. Clearly it is. See §§ 456.072(2)(b); 466.028(1)00, Fla. Stat. (2003).
As for his claim that the Board violated section 120.57(1), we turn to the pertinent statutory text which states:
“The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction.... When rejecting or modifying such conclusion of law ... the agency must state with particularity its reasons for rejecting or modifying such conclusion of law ... and must make a finding that its substituted conclusion of law ... is as or more reasonable than that which was rejected.... The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.”
§ 120.57(1)(2), Fla. Stat. (2003). Here, the Board did not merely refer to the record in its final order; rather the Board expressly adopted the exceptions filed by the Department of Health to the recommended order and incorporated them into its final order. Because these exceptions became a part of the order, to which they were attached as an exhibit, the failure of the order itself to duplicate the language of the exceptions does not affect this court’s ability to review the Board’s decision. See Veasey v. Bd. of Pub. Instruction, 247 So.2d 80, 81 (Fla. 4th DCA 1971) (“The critical reason for requiring an administrative agency to state [its] conclusions and orders with specificity is to facilitate judicial review.”); Fla. Power & Light Co. v. State, 693 So.2d 1025, 1027 (Fla. 1st DCA 1997); Lewis v. Dep’t of Prof'l Regulation, 410 So.2d 593, 594 (Fla. 2d DCA *81 1982); see also Lusskin v. Dep’t of Health, Bd. of Med., 820 So.2d 424, 426 (Fla. 4th DCA 2002), (“Orders that fail to contain the statutorily mandated reasoning and record citation also fail to provide this court with the information necessary to properly review the Board’s action.”).
We distinguish Prysi v. Department of Health, 823 So.2d 823 (Fla. 1st DCA 2002), where the Board’s final order rejected the ALJ’s factual findings and instead accepted the proposed findings set forth in the Department’s exceptions to the recommended order. The agency stands on a different footing with regard to factual findings than it does to legal conclusions involving the specific practice being regulated. An agency may not reject an ALJ’s resolution of contested facts supported by competent evidence, but it need not necessarily defer to the ALJ’s conclusions as to the very law the agency was established to enforce.
We think it important to emphasize, as the supreme court has done, that:
“Although hearing officers are entitled to substantial deference, they are judicial generalists who are trained in the law but not necessarily in any specific profession. The various administrative boards have far greater expertise in their designated specialties and should be permitted to develop policy concerning penalties within their professions.”
Criminal Justice Standards & Training Comm’n v. Bradley, 596 So.2d 661, 664 (Fla.1992) (quoting Hambley v. Dep’t of Prof'l Regulation, 568 So.2d 970 (Fla. 2d DCA 1990) (Altenbernd, J., dissenting)); see also Gross v. Dep’t of Health, 819 So.2d 997, 1002 (Fla. 5th DCA 2002) (“[Mjatters infused with overriding policy considerations are left to agency discretion.”). Here, where the Board faced public policy issues concerning a dentist’s continued use of practices one of its members described as bogus and quackery”, its determination that revocation was appropriate is especially entitled to deference and will not easily be disturbed.
It may seem unfortunate for this dentist that the Board has made him an example of the type of dentistry the Board has decided to discourage. But the Board is given precisely that power. Indeed, its very purpose is to regulate competency in the dental profession.
AFFIRMED.
GROSS and TAYLOR, JJ., concur.

. This still another example of the propensity of legal writers to use the locution “and/or” when simply “and” or "or” would express the same thought — and more clearly at that. If we thought that this unfortunate use created any ambiguity, we would construe it in favor of the dentist. In this instance, no matter which reasonable way this execrable legalism is read in the sentence, it authorizes a revocation.